E-FILED
Friday, 03 March, 2006  01:42:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,
    Plaintiff,

vs.                              03-1377

JAMES SCHOMIG, et. al.,
    Defendants.

**ORDER**

       This cause is before the court for consideration of the plaintiff's motion to voluntarily dismiss his lawsuit. [d/e 56]

       The plaintiff states that "due to inadequate legal services" at Stateville Correctional Center, he is unable to litigate this case any further because he has been prevented from preparing an adequate defense. (Plain. Mot., p. 1). The plaintiff says that the paralegal does not provide him with "legal supplies or assistance to those who are in need of legal services." Id. The plaintiff says he has filed several grievances against this paralegal, but nothing has been done to rectify the situation. The defendants have no objection to the plaintiff's motion to dismiss his complaint.

       The court notes that this case was first filed on November 11, 2003. Defendants initially responded by filing a motion to dismiss the complaint. The plaintiff requested additional time to respond which was granted. See June 14, 2004 Text Order. The court denied the defendants' motion to dismiss the complaint and set the first discovery deadline for November 30, 2004. See June 16, 2004 Court Order.

       On November 19, 2004, the plaintiff filed an "emergency motion" requesting the return of certain legal documents. The motion made no mention of problems with the paralegal. The motion was denied. Defendants stated they did not have any of the plaintiff's legal documents, but would provide copies of pleadings and any discovery requests. The court granted the parties motions for an extension of time and reset the discovery deadline to March 1, 2005.

       On May 16, 2005, the plaintiff filed a another motion for an extension of the discovery deadline. The plaintiff again claimed that the taking of his legal documents had slowed him down. The plaintiff claimed he now had all his documents, but needed additional time to complete discovery. The plaintiff made no mention of problems with the paralegal. The court granted the plaintiff's motion for an extension of time. The court set the discovery deadline for July 29, 2005. The court admonished the parties that this was the third discovery continuance and no further extensions of time would be granted. See May 31, 2005 Text Order.

       On August 11, 2005, the defendants filed a motion for summary judgement. On August 12, 2005, the plaintiff filed a motion to compel discovery. The plaintiff stated that the defendants had not responded to his discovery requests. The plaintiff made no mention of problems with the prison paralegal. The plaintiff's motion was denied. The court noted that after three extensions of the discovery period, the plaintiff filed his motion to compel after the close of discovery. The court

also noted that the plaintiff had not mailed his discovery requests until the last day of the discovery period and had provided no explanation for this delay.

The plaintiff has now responded by filing his motion to voluntarily dismiss this lawsuit. The court is confident the plaintiff was given every opportunity to litigate his claims. The plaintiff did not advise the court of any problems he was having with a prison paralegal. In addition, the court notes that the plaintiff is an experienced litigator. *See Knox v. Pierson,* 01-cv-1316; *Knox v. Pierson*, 01-cv-1467; *Knox v. Spencer,* 03-cv-1074; *Knox v. Carlton,* 03-cv-1327 and *Knox v. Cox*, 05-cv-1017. The court concludes the plaintiff is trying to manipulate the court. The plaintiff's motion to voluntarily dismiss his lawsuit is granted.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to voluntarily dismiss his lawsuit is granted. [d/e 56]**

**2) All pending motions are denied as moot. [d/e 45 motion for summary judgement, d/e 48 motion for summary judgement]**

**3) The plaintiff is still responsible for the payment of the filing fee in this case. Therefore, the agency having custody of the plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory appeal fee of $150.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**4) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 3rd day of March, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE